```
             UNITED STATES DISTRICT COURT
              DISTRICT OF NEW HAMPSHIRE
```

Dartmouth-Hitchcock Clinic, et al.,
    Plaintiffs

    v.                                Case No. 11-cv-358-SM
                                      Opinion No. 2012 DNH 033
Nicholas Toumpas, Commissioner,
N.H. Dept. of Health and Human Services,
    Defendant

### Preliminary Injunction

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the court hereby issues the following preliminary injunction, enjoining the defendant, Nicholas Toumpas, Commissioner of the New Hampshire Department of Health and Human Services, as follows.

With respect to the 2008 reduced inpatient and outpatient Medicaid reimbursement rates, carried forward to date, the Commissioner is hereby ordered to provide notice of the Commissioner's intent to continue to apply the reduced reimbursement rates and a fair opportunity for providers, beneficiaries, their representatives, and interested residents of the State of New Hampshire to comment in a manner fully consistent with the requirements of 42 U.S.C. § 1396a(a)(13)(A). Specifically the Commissioner shall provide adequate notice of: (1) the reduced inpatient and outpatient reimbursement rates and his intention to continue applying those reduced rates going

forward; (2) the precise methodologies used to establish those rates; and (3) justifications for those rates.  The required notice shall be given within fifteen (15) days of the date of this order, and a reasonable period to comment of not less than thirty (30) days after notice is given shall be allowed.

Within 15 days after the comment period established by the Commissioner closes, the Commissioner shall determine whether to continue to employ said rates going forward and, if so, he shall publish the final rates, the precise methodologies underlying the establishment of those rates, and justification(s) for those rates.

Typically, Rule 65 requires parties obtaining injunctive relief to post a bond sufficient "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Here, however, the court concludes that no bond is required.  First, and perhaps most importantly, defendant has not asked that plaintiffs post a bond.  See generally Aoude v. Mobil Oil Corp., 862 F.2d 890, 896 (1st Cir. 1988) (rejecting a challenge to an injunction because "posting of a bond is not a jurisdictional prerequisite to the validity of a preliminary injunction, and because appellant did not raise the matter below.").  Moreover, "[a]lthough the rule

speaks in mandatory terms, an exception to the bond requirement has been crafted for, inter alia, cases involving the enforcement of 'public interests' arising out of 'comprehensive federal health and welfare statutes.'" Pharmaceutical Soc'y v. New York State Dep't of Social Services, 50 F.3d 1168, 1174 (2d Cir. 1995) (citing Crowley v. Local No. 82, Furniture & Piano Movers, 679 F.2d 978, 1000 (1st Cir. 1982), rev'd on other grounds, 467 U.S. 526 (1984)).  See also Ligotti v. Garofalo, 562 F. Supp. 2d 204, 227 (D.N.H. 2008) (concluding that the defendant would suffer only negligible, if any, costs or damages from the injunction and declining to require plaintiff to post security).

  **SO ORDERED.**

            /s/ Steven J. McAuliffe
            _____
            Steven J. McAuliffe
            United States District Judge

March 2, 2012

cc: Martha Van Oot, Esq.
  William L. Chapman, Esq.
  Anthony J. Galdieri, Esq.
  Emily Pudan Feyrer, Esq.
  Gordon J. MacDonald, Esq.
  W. Scott O'Connell, Esq.
  John E. Friberg, Jr., Esq.
  Erica Bodwell, Esq.
  Mitchell B. Jean, Esq.
  Nancy J. Smith, Esq.
  Jeanne P. Herrick, Esq.
  Laura E. B. Lombardi, Esq.
  Constance D. Sprauer, Esq.